I6Q7ULIP

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4          v.                          17 Cr. 641 (KMW)

5  JUXHIN ULI,

6              Defendant.

7  ------------------------------x
                                      New York, N.Y.
8                                     June 26, 2018
                                      10:45 a.m.
9

10 Before:

11              HON. KEVIN NATHANIEL FOX
                                      Magistrate Judge
12

13                   APPEARANCES

14 GEOFFREY S. BERMAN
        United States Attorney for the
15      Southern District of New York
   BY:  SARAH KRISSOFF
16      Assistant United States Attorney

17 DAVID RUHNKE
        Attorney for Defendant
18

19

20

21

22

23

24

25

I6Q7ULIP

1          (Case called)

2          (In open court)

3          MS. KRISSOFF:  Good morning, your Honor.  Sarah

4    Krissoff for the government.

5          THE COURT:  Good morning.

6          MR. RUHNKE:  Good morning, your Honor.  David Ruhnke

7    appearing for Juxhin Uli.

8          THE COURT:  Good morning.

9          Is there an application on behalf of the defendant?

10         MR. RUHNKE:  Yes, your Honor.  This has been referred

11   to your Honor by Judge Wood.  The application is to withdraw a

12   previously entered not guilty plea to Count One of the

13   indictment and enter a plea of guilty pursuant to a plea

14   agreement with the government.

15         THE COURT:  Mr. Uli, I have before me the indictment

16   17 Crim. 641, a one count indictment charging a violation of

17   Title 21 United States Code, Section 846, which makes it an

18   offense for a person to conspire with others to violate the

19   laws of the United States with respect to controlled

20   substances.

21         In connection with this morning's proceeding, it's my

22   understanding that you are tendering a plea to an offense that

23   is a lesser included offense than the one that is recited at

24   Count One of the indictment.

25         MR. RUHNKE:  That is correct, your Honor.

1      THE COURT:  You have a right to have this morning's
2  proceeding presided over by a district judge.  You may, if you
3  wish, consent to have a magistrate judge preside at this
4  morning's proceeding.  In that connection I have before me a
5  document which is labeled Consent to Proceed Before a United
6  States Magistrate Judge on a Felony Plea Allocution.

7      Please swear the defendant.

8      (Defendant sworn)

9      THE COURT:  Mr. Uli, I want to show you the consent
10  form of which I was speaking.  Do you recognize the document.

11      THE DEFENDANT:  Yes, sir.

12      THE COURT:  Did you have an opportunity to review it
13  with your attorney?

14      THE DEFENDANT:  Yes.

15      THE COURT:  Is there anything contained in the consent
16  form you do not understand?

17      THE DEFENDANT:  No, there isn't.

18      THE COURT:  Do you acknowledge that the consent form
19  explains in greater detail what I mentioned to you a moment ago
20  about your right to have this morning's proceeding presided
21  over by a district judge and, further, that by signing the
22  document you are agreeing that a magistrate judge may preside
23  over this morning's proceeding?

24      THE DEFENDANT:  Yes, sir.

25      THE COURT:  Is your true signature on the consent

1  form?

2          THE DEFENDANT:  Yes, it is.

3          THE COURT:  Did anyone force you to sign the document?

4          THE DEFENDANT:  No, sir.

5          THE COURT:  Let me turn to your Honor turn my

6  attention to your counsel.  Is your signature also on conform?

7          MR. RUHNKE:  I reviewed it with my client, and I

8  signed it as well.  I have no reason to think it's anything but

9  completely voluntary.

10          THE COURT:  Thank you.  I'm going to sign the document

11  also, and then we shall continue.

12          Mr. Uli, state your full name, please.

13          THE DEFENDANT:  Juxhin Uli.

14          THE COURT:  In the last 24 hours, have you consumed

15  any medicine, alcohol or drugs that would affect your ability

16  to understand what we're doing here today?

17          THE DEFENDANT:  No, sir.

18          THE COURT:  Are you under the care of a physician or

19  psychiatrist for any condition?

20          THE DEFENDANT:  No, sir.

21          THE COURT:  Have you ever been treated for alcoholism

22  or drug addiction?

23          THE DEFENDANT:  No, sir.

24          THE COURT:  Do you feel all right today?

25          THE DEFENDANT:  Yes, sir.

I6Q7ULIP

1    THE COURT:  What is the extent of your education, sir?

2    THE DEFENDANT:  Bachelor of Business.

3    THE COURT:  Have you received a copy of indictment 17

4    Crim. 641?

5    THE DEFENDANT:  Yes, sir.

6    THE COURT:  Do you understand the nature of the lesser

7    included offense to which you are tendering a plea of guilty?

8    THE DEFENDANT:  I do.

9    THE COURT:  Do you wish to have the indictment read to

10   you, including that portion of the indictment which would

11   encompass the lesser included offense?

12   THE DEFENDANT:  No, sir.

13   THE COURT:  Have you had sufficient opportunity to

14   speak with your attorney about the charge to which you are

15   tendering a plea of guilty?

16   THE DEFENDANT:  Yes, sir.

17   THE COURT:  Are you satisfied with the assistance that

18   your attorney has rendered to you in connection with this

19   matter?

20   THE DEFENDANT:  Very much.

21   THE COURT:  Are you ready to plead to Count One of the

22   indictment, that is, the lesser included offense in Count One

23   of the indictment, which is a charge that you conspired to

24   distribute and possess with intent to distribute 500 grams and

25   more of cocaine in violation of Title 21 United States Code,

1    Sections 846 and 841(b)(1)(B)?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  What is your plea, sir, to the lesser

4    included offense?  Guilty or not guilty?

5              THE DEFENDANT:  Guilty.

6              THE COURT:  If you are not a United States citizen,

7    your plea of guilty to the lesser included offense may affect

8    adversely your ability to remain within the United States, to

9    become a United States citizen, or to be admitted into the

10   United States.  Do you understand, sir?

11             THE DEFENDANT:  Yes, sir, I'm a citizen.

12             THE COURT:  I have to determine whether your plea of

13   guilty to the lesser included offense is being made voluntarily

14   and whether you understand fully the nature of the charge to

15   which you're pleading and the possible consequences of your

16   plea, so I shall be asking you additional questions.

17             Again, I want to ensure that you understand the nature

18   of the charge to which you are pleading.  As I indicated, the

19   offense to which you are pleading is a lesser included offense

20   than the offense recited at Count One of indictment 17 Crim.

21   641.  The lesser included offense to which you are tendering a

22   plea of guilty is to conspire and to distribute, and possess

23   with intent to distribute, 500 grams and more of cocaine in

24   violation of Title 21 United States Code, Sections 846 and 841

25   (b)(1)(B).

1          The law provides as a maximum penalty for the lesser

2    included offense to which you are tendering a plea of guilty

3    the following:  A maximum term of 40 years' imprisonment; a

4    mandatory minimum term of five years' imprisonment; a maximum

5    term of lifetime supervised release; a mandatory minimum term

6    of four years' supervised release; a maximum fine pursuant to

7    Title 21 United States Code, Section 841 (b)(1)(B) and Title 18

8    United States Code, Section 3571, of the greatest of $5

9    million, twice the gross pecuniary gain derived from the

10   offense, or twice the gross pecuniary loss to persons other

11   than yourself resulting from the offense; and a $100 mandatory

12   special assessment.  You are also subject to an order of

13   restitution.

14          If you are sentenced to a term of supervised release

15   and violate the terms and conditions of that supervised release

16   such that it is revoked, you expose yourself to serving in

17   prison all or part of the term of supervised release authorized

18   by statute for the offense that resulted in such term of

19   supervised release, without credit for time previously served

20   on post-release supervision.

21          Sir, do you understand the nature of the lesser

22   included offense, that is, the lesser included offense to the

23   offense recited at Count One of indictment 17 Crim. 641 to

24   which you are tendering a plea of guilty?

25          THE DEFENDANT:  Yes, sir, I do.

1          THE COURT:  And do you also understand the range of

2     penalties, including the maximum sentence to which you are

3     potentially exposing yourself by your plea?

4          THE DEFENDANT:  Yes, sir, I do.

5          THE COURT:  The offense to which you are tendering a

6     plea of guilty is a felony offense.  As a consequence of

7     pleading guilty to a felony offense, you may be giving up

8     certain valuable civil rights that you possess.  Among them are

9     the following:  The right to vote, the right to hold public

10    office, the right to serve on a jury, the right to possess any

11    type of firearm, including rifles and shotguns, the right to be

12    considered for certain types of employment, and the right to

13    possess or obtain certain professional licenses.  Do you

14    understand, sir?

15         THE DEFENDANT:  I do, sir.

16         THE COURT:  In addition, because the offense to which

17    you are tendering a plea of guilty involves controlled

18    substances, pursuant to Title 21 United States Code, Section

19    862, your plea of guilty may result in the loss of certain

20    benefits to which you might otherwise be entitled.  Among those

21    benefits are the following:  Social Security, food stamp

22    benefits, education loans or grants and public housing or

23    housing subsidies.  Do you understand, sir?

24         THE DEFENDANT:  I do.

25         THE COURT:  Do you understand that you have a right to

1    plead not guilty and to persist in that plea?

2             THE DEFENDANT:  I do.

3             THE COURT:  Do you understand that you have the right

4    to have a jury trial on the charge to which you are tendering a

5    plea of guilty?

6             THE DEFENDANT:  I do.

7             THE COURT:  Do you also understand that if you plead

8    not guilty and go to trial, the government would have the

9    burden of establishing your guilt beyond a reasonable doubt?

10             THE DEFENDANT:  I do.

11             THE COURT:  Do you understand that at a trial you

12    would be presumed innocent until the government proved your

13    guilt beyond a reasonable doubt?

14             THE DEFENDANT:  I do.

15             THE COURT:  Do you understand that at such a trial,

16    and at every other stage of the proceeding, you would have the

17    right to be represented by an attorney and, if necessary, the

18    court would appoint an attorney to represent you?

19             THE DEFENDANT:  I do.

20             THE COURT:  Do you understand that at a trial you

21    would have the right to testify, to confront and question any

22    witnesses who might testify against you, and the right not to

23    be forced to incriminate yourself.  That is, you do not have to

24    be a witness against yourself.?

25             THE DEFENDANT:  Yes, sir.

I6Q7ULIP

1          THE COURT:  Do you understand that at a trial you

2   would be entitled to present evidence, to call witnesses to

3   testify, and to compel the attendance of witnesses?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Do you understand that if you plead

6   guilty, there will be no trial of any kind, so that you give up

7   your trial rights, and the only remaining step will be for the

8   assigned district judge to sentence you?

9          THE DEFENDANT:  I do.

10          THE COURT:  Sir, are you certain that you understand

11   the nature of the lesser included offense to which you are

12   pleading guilty?

13          THE DEFENDANT:  Yes, sir, I do.

14          THE COURT:  And are you certain that you understand

15   the range of penalties, including the maximum sentence to which

16   you are potentially subjecting yourself by your plea?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  Do you understand that the sentencing

19   judge may be obligated to impose a special assessment on you?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Have you and your attorney talked about

22   how the Sentencing Commission guidelines -- which are advisory

23   only -- might inform the sentence to be imposed upon you?

24          THE DEFENDANT:  Yes, we have.

25          THE COURT:  Do you understand that in determining your

1   sentence, the sentencing judge is obligated to calculate the

2   applicable sentencing guidelines range and possible departures

3   under the sentencing guidelines?

4           THE DEFENDANT:  Yes, sir.

5           THE COURT:  Do you understand that in addition to

6   considering the factors set forth in the Sentencing Commission

7   guidelines, the sentencing judge will also consider factors

8   that are found at 18 U.S.C., Section 3553 in determining what

9   the appropriate sentence might be for you?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Do you understand that parole has been

12  abolished, and if you are sentenced to prison, you will not be

13  released on parole?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Do you understand that the answers you

16  give to me today under oath may in the future be used against

17  you in a prosecution for perjury or false statement if you do

18  not tell the truth to the court?

19          THE DEFENDANT:  I do, sir.

20          THE COURT:  What are the elements of the lesser

21  included offense to which Mr. Uli is tendering a plea of

22  guilty?

23          MS. KRISSOFF:  The elements are as follows:  First,

24  the existence of a conspiracy charged in the indictment, in

25  other words, that there was in fact an agreement or

I6Q7ULIP

1   understanding to violate the provisions of the law that make it

2   illegal to distribute narcotics or to possess with intent to

3   distribute them; second, that the defendant knowingly became a

4   member of the conspiracy, that is, he knowingly associated

5   himself with the conspiracy and participated in a conspiracy to

6   distribute or possess with the intent to distribute

7   narcotics -- here 500 grams and more of cocaine.

8           THE COURT:  Thank you.

9           Mr. Uli, having heard the elements of the offense to

10  which you are tendering a plea of guilty, is it still your

11  desire to tender a plea of guilty.

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  In addition to the offense that is recited

14  in the indictment, the indictment also contains a forfeiture

15  allegation through which the government has indicated it will

16  seek to recoup from you the proceeds of illegal activity

17  described in the indictment.  Are you aware that the indictment

18  contains a forfeiture allegation?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  Sir, have any threats been made to you by

21  anyone to influence you to plead guilty?

22          THE DEFENDANT:  No, sir.

23          THE COURT:  Have any promises been made to you

24  concerning the sentencing you will receive?

25          THE DEFENDANT:  No, sir.

I6Q7ULIP

1      THE COURT:  I understand that you and your attorney

2  and representatives of the government have reached certain

3  agreements and understandings in connection with your tender of

4  your plea of guilty, and those agreements and understandings

5  have been reduced to a writing, specifically a letter dated

6  June 11, 2018, addressed to Dave Ruhnke your attorney.  I have

7  a copy of that document before me which I shall show you now.

8  Do you recognize the document, sir?

9      THE DEFENDANT:  Yes, sir, we have it right here.

10      THE COURT:  Did you have an opportunity to review the

11  document with your attorney?

12      THE DEFENDANT:  Yes, sir.

13      THE COURT:  Is there anything contained in the June

14  11, 2018 writing that you do not understand?

15      THE DEFENDANT:  No, sir.

16      THE COURT:  Among other things there is text in the

17  June 11, 2018 writing through which you admit the forfeiture

18  allegation that I drew to your attention as being part of the

19  indictment.  Are you aware that the June 11, 2018 writing has

20  such text?

21      THE DEFENDANT:  Yes, sir.

22      THE COURT:  The June 11, 2018 writing also contains an

23  analysis of how the Sentencing Commission guidelines might

24  apply to your case.  Are you aware of that, sir?

25      THE DEFENDANT:  Yes, sir.

I6Q7ULIP

1    THE COURT:  Do you understand that notwithstanding the

2  analysis of the guidelines set forth in the June 11, 2018

3  writing, the impact, if any, that the Sentencing Commission

4  guidelines may have on the sentence to be imposed upon you is

5  left solely to the discretion of the sentencing judge?

6    THE DEFENDANT:  Yes, sir.

7    THE COURT:  There is also text in the June 11, 2018

8  writing that constricts your ability to appeal from or

9  collaterally attack the judgment of conviction or sentence that

10  might be imposed upon you.  Are you aware of that, sir?

11    THE DEFENDANT:  Yes, sir.

12    THE COURT:  There is also text in that same writing

13  that constricts your ability to seek a sentence modification

14  pursuant to Title 18 United States Code, Section 3582(c).  Are

15  you aware of that, sir?

16    THE DEFENDANT:  Yes, sir.

17    THE COURT:  I want to show you the last page of the

18  June 11, 2018 writing about which we have been speaking.  Is

19  your true signature on that page, sir?

20    THE DEFENDANT:  Yes, sir, it is.

21    THE COURT:  Sir, did anyone force you to sign the

22  document?

23    THE DEFENDANT:  No, sir.

24    THE COURT:  Let me turn my attention to your counsel

25  again.  Is your signature also on the last page of the

1  document.

2           MR. RUHNKE:  Yes, sir.

3           THE COURT:  Did you also sign, Mr. Ruhnke?

4           MR. RUHNKE:  I did, sign.

5           THE COURT:  Very well.  And did representatives from

6  the government also sign the last page of the document?

7           MS. KRISSOFF:  That's correct, your Honor.

8           THE COURT:  Mr. Uli, other than the agreements and

9  understandings that you and your attorney and representatives

10  of the government have made and reached that are outlined in

11  the June 11, 2018 writing about which we have been speaking,

12  have any other agreements or understandings been made or

13  reached with you in connection with your tender of a plea of

14  guilty today?

15           THE DEFENDANT:  No, sir.

16           THE COURT:  Sir, is your plea being made voluntarily,

17  that is, of your own free will?

18           THE DEFENDANT:  Yes, it is.

19           THE COURT:  Did you commit the lesser included offense

20  to which you have tendered a plea of guilty?

21           THE DEFENDANT:  Yes, sir.

22           THE COURT:  Would you tell me in your own words what

23  it is that you did that makes you believe yourself guilty of

24  the lesser included offense to which you tendered a plea of

25  guilty earlier.

I6Q7ULIP

1      THE DEFENDANT:  During the period charged in the

2 indictment, February 2017 through including October 2017, I

3 agreed with other people to distribute, and possess with intent

4 to distribute, 500 grams or more of controlled substance,

5 cocaine.  I knew what I was doing was illegal, and I was

6 violating the law, and I am pleading guilty because I am

7 guilty.

8      THE COURT:  Where was it that you had this agreement

9 with others to distribute 500 grams of cocaine as you described

10 a moment ago?

11      THE DEFENDANT:  In Bronx and Westchester County, sir.

12      THE COURT:  Are there any questions the government

13 would have me put to the defendant?

14      MS. KRISSOFF:  Nothing else, your Honor.

15      THE COURT:  Mr. Ruhnke, are you aware of any reason

16 why your client should not plead guilty to the lesser included

17 offense?

18      MR. RUHNKE:  No, sir, I am not.

19      THE COURT:  Is the government aware of any reason why

20 the defendant should not plead guilty to the lesser included

21 offense.

22      MS. KRISSOFF:  No, your Honor.

23      THE COURT:  If the matter were to proceed to trial,

24 what evidence would the government offer in support of the

25 charge to which the defendant is pleading guilty?

I6Q7ULIP

1        MS. KRISSOFF:  Your Honor, the government would prove

2   that the defendant had participated in a conspiracy to

3   distribute and possess with intent to distribute 500 grams and

4   more of cocaine for the time period set forth in the

5   indictment.  The government would prove this through witness

6   testimony, law enforcement witnesses, physical evidence,

7   documentary evidence among other evidence.

8        THE COURT:  Can you tell me in a general way what the

9   witness testimony would be that you made reference to a moment

10  ago.

11       MS. KRISSOFF:  Your Honor, I know that we would -- I

12  am standing in for Mr. Skinner, so I am not familiar with the

13  details of this matter.  I can speak with Mr. Ruhnke and then

14  --

15       MR. RUHNKE:  I can fill the Court in, if I may.

16       THE COURT:  Yes, sir.

17       MR. RUHNKE:  Among other evidence, there would be

18  intercepted tape recorded conversations of Mr. Uli discussing

19  with other members of the conspiracy the distribution of

20  cocaine.  There was agent surveillance of actual delivery of

21  quantities of cocaine.  And again based on my review of the

22  discovery, I do not believe the United States would have any

23  difficulty in establishing the elements of the offense to which

24  Mr. Uli is entering a guilty plea today, your Honor.

25       THE COURT:  Thank you.

I6Q7ULIP

1    I'm satisfied that Mr. Uli understands the nature of

2    the lesser included offense to which he has tendered a plea of

3    guilty, and I am satisfied that he understands the consequences

4    of the plea of guilty.  I am satisfied that the plea is being

5    made voluntarily and knowingly and that there is a factual

6    basis for a plea.  So, I shall report and recommend to the

7    assigned district judge that the plea be accepted.

8        I'm going to fix a date for sentence, and I direct the

9    parties to contact the assigned district judge to determine

10   whether that date is convenient for a sentencing proceeding.

11       October 26, 2018 will be the sentence date.

12       MR. RUHNKE:  Sorry.  26th or 25th?

13       THE COURT:  October 26, 2018.  Again, the parties

14   should contact the assigned district judge to determine whether

15   that date is convenient, and also to fix a time certain on that

16   date for a sentencing proceeding.

17       MR. RUHNKE:  Yes, sir.

18       THE COURT:  I shall direct that a presentence report

19   be prepared prior to the date of sentence.  In connection with

20   the preparation of that report, the government should submit

21   its case summary materials to the probation office not later

22   than 14 days from today.  The defendant and his counsel should

23   arrange for an interview with the probation office not later

24   than 14 days from today.  I shall direct the government to

25   obtain a transcript of the minutes generated during this

I6Q7ULIP

1  proceeding and present same to the assigned district judge

2  before the date of sentence.

3          Is there any requests with respect to bail?

4          MR. RUHNKE:  Yes, sir.  I am just having a little

5  trouble hearing you this morning, your Honor.

6          THE COURT:  I am sorry.  I will speak closer to the

7  microphone.  I'm struggling with my voice today.  Is there any

8  request with respect to bail?

9          MR. RUHNKE:  No, sir.

10         THE COURT:  Is there anything else that we need to

11  address this morning?

12         MR. RUHNKE:  Just that bail be continued, but nothing

13  beyond that and nothing further today.

14         THE COURT:  With respect to the application that bail

15  be continued, what is the government's position on that

16  application?

17         MS. KRISSOFF:  We're fine with that, your Honor.

18         THE COURT:  The application is granted.

19         Anything else from either party?

20         MR. RUHNKE:  Not from the defense, your Honor.  Thank

21  you.

22         MS. KRISSOFF:  Nothing else from the government, your

23  Honor.

24         THE COURT:  Thank you.  Good day.

25         (Adjourned)

SOUTHERN DISTRICT REPORTERS, P.C.